**STEVISON, Plaintiff-Appellant, v. CUMMINS et, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23596. Decided February 2, 1956.

B. Bill Murad, for plaintiff-appellant.

Alvin Spiegel, Moses Krislov, for defendant-appellee.

(STEVENS, PJ, HUNSICKER and DOYLE, JJ, of the Ninth District, sitting by designation in the Eighth District.)

## OPINION

By DOYLE, J:

This is an appeal from a judgment for the defendant and against the plaintiff, rendered in the Municipal Court of Cleveland.

The action was prosecuted by Robert Stevison, a former employee of John F. Cummins, doing business as The Cleveland Union Leader, for the award of severance pay, claimed by him to be due under the terms of a contract entered into for his benefit and that of others, between the defendant newspaper publisher, and the Cleveland Newspaper Guild as the bargaining agent for the employees of the paper.

Under the terms of the contract, effective as of June 1, 1951, it is obvious that the plaintiff would be entitled to a judgment if the contract was in force and effect at the time of the plaintiff's resignation. That question, however, was put in issue by the defendant, and it was specifically denied that the contract was in force and effect at the time of the plaintiff's employment severance.

The Court, pursuant to trial, in a written "conclusions of fact found separately from conclusions of law," made upon motion pursuant to §2315 R. C., found that an agreement had been entered into between the Cleveland Newspaper Guild and The Cleveland Union Leader which terminated the severance pay provision of the contract of June 1, 1951, and specifically provided that "severance pay was not to be payable in the event of a voluntary quit or resignation." The Court further found that "the plaintiff has failed to establish by preponderance of the evidence that, at the time of his resignation or voluntary quit, there was in effect any agreement entitling him to severance pay in said event."

This Court is not in a position to challenge this finding of the Trial Court, for the lack of a proper bill of exceptions. The bill before us is narrative in form, and fails to show that it contains all of the evidence. We therefore must indulge the presumption that the Trial Court had before it sufficient evidence to reach its conclusion.

In **Regan, Admx., v. McHugh, 78 Oh St 326,** the policy of this state is stated as follows:

"2. That a bill of exceptions contains all the evidence offered upon the trial of a cause can be shown only by the certificate of the trial judge."

In the case before us, there is no certificate to that effect.

Further, "Where the ground of reversal is that the verdict is not sustained by the evidence, it must affirmatively appear that the bill of exceptions contains all the evidence." See: Gardner, Ohio Civil Code, Sec. 11564, and cases cited under note 4 thereof.

In conclusion, we determine that the finding of fact made by the Trial Court was sufficient to justify a judgment for the defendant.

Judgment affirmed.

STEVENS, PJ, HUNSICKER, J, concur.