BADDERS ET AL., APPELLANTS, v. HARDEN ET AL., APPELLEES.

(No. 6449—Decided July 18, 1961.)

*Mr. Arthur L. Rowe* and *Mr. Thomas W. Applegate*, for appellants.

*Messrs. Wilson & Rector, Mr. Harrison W. Smith, Mr. H. C. Allread* and *Mr. Richard E. Hole*, for appellees.

COLLIER, J.  This cause was instituted in the Common Pleas Court of Franklin County, as an action for injunction under favor of Section 303.24, Revised Code. The plaintiffs, who are the appellants herein, in their petition claim that the defendants, the appellees herein, were using certain described farm land adjacent to the lands of the plaintiffs for mining and processing sand and gravel in violation of a zoning resolution adopted by the Board of County Commissioners of Franklin County, effective November 12, 1948.

After a lengthy hearing, the court denied the injunctive relief sought and dismissed plaintiffs' petition at their cost, and, complying with a request by the plaintiffs, pursuant to Section 2315.22, Revised Code, the court stated, in writing, its findings of fact found separately from its conclusions of law. An appeal was first taken on questions of law and fact, but on motion the appeal was later reduced to an appeal on questions of law.

The certificate of the trial judge authenticating the bill of exceptions filed in this cause recites that "the foregoing is part but not all of the evidence offered, and adduced and admitted on behalf of the parties on the trial of this cause."

It is a well established rule in Ohio that, in an appeal on questions of law where a consideration of the evidence is necessary by a reviewing court in order to determine the questions presented, a bill of exceptions must contain all the evidence adduced in the trial of the case and must contain a certificate to that effect. 3 Ohio Jurisprudence (2d), 359, Section 451 *et seq.*, and the numerous cases therein cited in support of the text. We are referring to only a few of those cases. In the case of *Loving* v. *Kamm*, 33 Ohio Law Abs., 486, 34 N. E. (2d), 591, the certificate of the trial judge to the bill of exceptions recited: "* * * facts incomplete." The Court of Appeals for Hamilton County held that "a certificate of a trial judge to a bill of exceptions that the bill 'is facts incomplete,' verifies nothing and brings nothing before the Court of Appeals for review."

In *Sbrocco* v. *La Riccio*, 15 Ohio Law Abs., 688 (Court of Appeals for Cuyahoga County), the bill of exceptions did not contain a certificate that it contained all the evidence. The second headnote reads:

"The Court of Appeals on review will not consider a phase of the case involving the weight of the evidence where the bill of exceptions does not contain a certificate that it contains all the evidence taken at the trial."

The case of *Stevison* v. *Cummins*, 101 Ohio App., 453, 131 N. E. (2d), 863, is similar to the case at bar in that it involved separate findings of fact and conclusions of law. In that case it was held:

"1. When a reversal of a trial court's judgment is sought in the Court of Appeals on the ground that it is not sustained by the evidence, and a bill of exceptions is presented in proof thereof, such bill of exceptions must affirmatively show that it contains all the evidence on the issues in controversy before a reversal may be ordered because of lack of evidence."

In the recent case of *Beach* v. *Sweeney*, 167 Ohio St., 477, 150 N. E. (2d), 42, the Supreme Court of Ohio again pronounced the rule that, in the absence of a bill of exceptions on appeal on questions of law, all reasonable presumptions consistent with the record will be indulged in favor of the validity of the judgment under review and of the regularity of the proceeding below.

Under the authorities above cited, our conclusion is that,

this being an appeal on questions of law involving a consideration of the evidence, in the absence of a complete bill of exceptions, the presumption of regularity of the proceedings and the validity of the judgment of the Common Pleas Court prevails, and this court may not challenge the findings of the trial court.

The judgment of the Common Pleas Court is based upon 20 separate findings of fact and conclusions of law relating to the jurisdiction and validity of the proceedings of the Board of Zoning Appeals of Franklin County. We have read the voluminous briefs and have examined the entire record. If the questions presented in this appeal were properly before this court, we could find no substantial error in the findings and conclusions of the trial court. The judgment, therefore, must be, and hereby is, affirmed.

*Judgment affirmed.*

Bryant, P. J., and Brown, J., concur.

Collier and Brown, JJ., of the Fourth Appellate District, sitting by designation in the Tenth Appellate District.