GAMBILL, PLAINTIFF-APPELLEE, *v.* ROBISON ET, DEFENDANTS-APPELLANTS.

Ohio Appeals, Fourth District, Ross County.

No. 489. Decided December 21, 1963.

*Mr. Lawrence Kimble* and *Mr. Robert Perdue,* for Leonard Gambill, plaintiff-appellee.

*Mr. John S. Phillips* and *Mr. Richard B. Middleton*, for Donald Robison, defendant-appellant.

*Mr. David L. Barrett*, for Charles Tingley, defendant-appellant.

COLLIER, P. J. This action was instituted by Leonard Gambill, the plaintiff-appellee, in the Common Pleas Court of Ross County against Donald Robison and Charles Tingley, defendants-appellants, seeking damages for personal injuries arising from an automobile collision on January 3, 1960, on U. S. Route No. 35 in Ross County, Ohio. The trial of the case on May 14, 1962, resulted in a verdict of the jury in favor of the plaintiff in the sum of $15,000.00 on which judgment was entered. The motions for a new trial and judgment notwithstanding the verdict filed by both defendants were overruled. Both defendants filed notice of appeal within proper time. On February 9, 1963, a partial bill of exceptions containing only the testimony of three witnesses was filed.

The certificate of the trial judge recites: "And thereupon the defendants filed this, their bill of exceptions, containing the evidence of three witnesses only in this case, * * *, and finding the same to be true and correct in every respect as to the testimony of the three witnesses, the same is therefore duly allowed."

The assignments of error of each defendant relate to the admissibility and sufficiency of the evidence, the court's refusal to give a special charge and excessiveness of the verdict. Each assignment of error requires a consideration of the evidence. It is a well-established rule that where the error claimed involves the weight and sufficiency of the evidence, or that the judgment is contrary to law, or that the court's charge was erroneous, or that the court erred in the admission or rejection of evidence, the bill of exceptions must contain the certifi-

cate of the trial judge that it contains all the evidence presented upon trial. *Beach* v. *Sweeney*, 167 Ohio St., 477, 150 N. E. (2d), 42; *Regan, Admx.* v. *MacHugh*, 78 Ohio St., 326, 85 N. E., 559; *Stevison* v. *Cummins*, 101 Ohio App., 453, 73 Abs., 221, 131 N. E. (2d), 863; *Badders* v. *Harden*, 114 Ohio App., 524, 183 N. E. (2d), 626; *Nicholas* v. *Yellow Cab Co.*, 180 N. E. (2d), 279; 3 Ohio Jurisprudence (2d), 359, Sec. 451, et seq.

In the absence of a complete bill of exceptions this court has no alternative but to indulge the presumption of the regularity of the proceedings and the validity of the judgment in the trial court. The judgment must be and hereby is affirmed.

Judgment affirmed.

BROWN & CARLISLE, JJ., concur.